UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Raymond Crosdale

   v.                                                      Civil No. 08-cv-216-PB

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections, et al.[1]

**O R D E R**

Before the Court is Raymond Crosdale's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by corrections officers, in violation of his federal constitutional rights, during his incarceration at the Hillsborough County Department of Corrections ("HCDC"). Because Crosdale is a prisoner proceeding both pro se and in forma pauperis, the matter is before me for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See United States District Court

---

[1] In addition to O'Mara, Crosdale names the following employees of the Hillsborough County Department of Corrections as defendants to this action: Corrections Officer ("C.O.") Antillis (first name unknown ("FNU")), Lt. FNU Riley, Field Training Officer ("FTO") FNU Potter, C.O. FNU Granville, Sgt. FNU Pinciaro, and FTO FNU O'Neil.

District of New Hampshire Local Rule ("LR") 4.3(d)(2). As explained herein, I find that Crosdale has stated the minimum facts necessary to assert a claim for relief, and I direct that this action proceed against defendants at this time.

Crosdale has also requested court-appointed counsel in this matter. For the reasons stated herein, that motion is denied.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid

inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

Beginning on November 1, 2007, Raymond Crosdale was a pretrial detainee incarcerated at the HCDC.  Crosdale asserts that while he was housed at the HCDC, he sustained multiple physical beatings by the defendant corrections officers. Crosdale further alleges that these beatings were conducted at the direction of HCDC Superintendent, James O'Mara.  Crosdale asserts that he sustained injuries during the beatings severe enough to warrant hospital treatment.  Crosdale further asserts that he has suffered from mental health issues as a result of the beatings, for which he is still being treated.

Discussion[2]

I.   Section 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[3]; City of Okla. City v. Tuttle, 471 U.S. 808, 829 (1985); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, Crosdale claims that defendant HCDC employees are state actors, and that they

---

[2]The claims, as identified herein, shall be considered to be the claim raised in the complaint for all purposes.  If Crosdale disagrees with the identification of the claims in this Order, he must file a motion to amend his complaint.

[3]42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

violated his Fourteenth Amendment rights.  Crosdale's action arises, therefore, under § 1983.

II.  Fourteenth Amendment

Crosdale asserts that he was a pretrial detainee at the times the beatings he complains of occurred.  Crosdale's action, therefore, arises under the Fourteenth Amendment.  See, e.g., Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988) (per curiam) (rejecting an Eighth Amendment challenge to pretrial detention).  "'[T]he State does not acquire the power to punish, with which the Eighth Amendment is concerned, until after it has secured a formal adjudication of guilt in accordance with due process of law.'"  Martinez-Rivera v. Ramos, 498 F.3d 3, 9 (1st Cir. 2007) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)).  Detainees have a constitutional right under the due process clause of the Fourteenth Amendment to be free of punishment.  See Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005) (citing O'Connor v. Huard, 117 F.3d 12, 15 (1st Cir. 1997)).  However, challenged conditions or restrictions which can be rationally related to some legitimate administrative goal or security concern generally will not be deemed unconstitutional "punishment."  O'Connor, 117 F.3d at 15.  Because the Due Process

Clause prohibits the infliction of punishment on a person prior to a judgment of conviction, the issue in evaluating claims by a pretrial detainee is ultimately whether the conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment.  See Surprenant, 424 F.3d at 13; Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995).

III. Excessive Force

The Fourteenth Amendment protects a pretrial detainee from excessive force that amounts to punishment.  See O'Connor, 117 F.3d at 16; Garcia v. City of Boston, 115 F. Supp. 2d 74, 81 (D. Mass. 2000), aff'd, 253 F.3d 147 (1st Cir. 2001).  In determining whether a plaintiff has stated a claim for unconstitutionally excessive force, the court should look to the following four factors: (1) "the need for application of force," (2) "the relationship between the need and the amount of force that was used," (3) "the extent of injury inflicted," and (4) "whether the force was applied in good faith to maintain or restore discipline or maliciously and sadistically for the very purpose of inflicting harm." Garcia, 115 F. Supp. 2d at 81.  Crosdale alleges that he was subjected to multiple beatings by corrections

officers, requiring him to be hospitalized. Crosdale has not at this time described the specifics circumstances surrounding each incident. However, Crosdale's complaint can be liberally construed to allege generally that Crosdale suffered beatings and injuries that were neither provoked nor warranted, that caused significant injury, and that were not designed to maintain or restore discipline but were punitive, sadistic, and malicious. Accordingly, I find that Crosdale has stated the minimum facts necessary to state a claim for excessive force in violation of the Fourteenth Amendment against the defendant corrections officers. To the extent that Crosdale has alleged that O'Mara caused the beatings by directing them, I find that he, too, is an appropriate defendant to this action.

IV. Court-Appointed Counsel

In his complaint, Crosdale has requested court-appointed counsel. There is no absolute constitutional right to free legal representation in a civil case. Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988). Rather, appointment of counsel in a civil case is left to the discretion of the court. See 28 U.S.C. § 1915(d); 42 U.S.C. § 3613(b). An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of

counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam). In the case at hand, Crosdale has, at this time, failed to establish the existence of such circumstances. Crosdale's motion for a court-appointed attorney is therefore denied without prejudice to refiling in the future should circumstances warrant.

## Conclusion

For the foregoing reasons, I find that Crosdale has sufficiently alleged the minimum facts necessary to state an excessive force claim against the defendants. Without further comment on the merits of the complaint, I order that it be served on the defendants. My review of the file indicates that Crosdale has completed a single summons form for defendant O'Mara. Crosdale must submit a separate summons form for each defendant he seeks to name in this action. The Clerk's office is directed to forward the appropriate forms to Crosdale, who must return the completed forms within thirty days of the date of this Order. Upon receipt of the completed summons forms, the Clerk's office is directed to issue the summonses against defendants and forward

to the office of the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"), for each defendant, the summonses, copies of the complaint (document no. 1), and copies of this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     October 20, 2008

cc:       Raymond Crosdale, pro se