```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Raymond Crosdale**

        **v.**                                        Case No. 08-cv-216-PB
                                                    Opinion No. 2009 DNH 066

**Hillsborough County**
**Department of Corrections,**
**Superintendent, et al.**


### MEMORANDUM AND ORDER

Pursuant to 42 U.S.C. § 1983, Raymond Crosdale, currently an inmate at the Strafford County Department of Corrections, alleges that various correctional officers are liable for using excessive force against him, while he was incarcerated as a pretrial inmate at the Hillsborough County Department of Corrections (HCDOC). Crosdale seeks to hold officers George Antilus, Jason Riley, Ronald Potter, Nicholas Granville, Chad Pinciaro, and Keith O'Neil, and superintendant James O'Mara, Jr. liable for the alleged use of excessive force. Before the court are the parties' cross motions for summary judgment. For the reasons given below, I grant the defendants' motion for summary judgment.

I.  **BACKGROUND**

At all times relevant to this action, Crosdale was a pre-trial detainee at the HCDOC.  The HCDOC Inmate Handbook is given to each inmate upon entry to the jail, and is required to be maintained by each inmate until their release.  (See Aff. of James M. O'Mara, Jr., Doc. No. 23, at ¶ 2.) The HCDOC has a grievance procedure that is set forth in the inmate handbook, which provides:

> If you have a grievance concerning any matter related to your confinement, a grievance procedure is available to you.  The following are the steps of the grievance procedure:
> Step 1: Informal Resolution - You must make a genuine attempt to seek an informal resolution of your problem with the staff member concerned.
> Step 2: The second step is initiated using the Inmate Request Form format.  Fill out an Inmate Request Form stating your problem and suggested remedy.  Submit the form to your Unit Officer.  Most request forms will be answered within seven (7) working days of receipt.
> Step 3: If you are dissatisfied with the response to your Inmate Request Form, you may file an Inmate Grievance Form.  The Captain or designee has fifteen (15) working days from receipt to review your grievance and reply unless there are extenuating circumstances.
> Decisions made by the county correctional facility's disciplinary hearings officer, or classification officer, cannot be appealed through the grievance procedure.
> Grievances involving other agencies must be addressed directly to those agencies.

(Def.'s Exhibit H at 20.)  Per HCDOC procedure, an inmate must

use a request form in order to obtain a formal grievance form (each of which bears an identifying control number, so that the submission may be tracked); each grievance is responded to and a copy of each grievance is thereafter placed in their respective inmate institutional file and administrative file.  (Aff. of James M. O'Mara, Jr., Doc. No. 23, at ¶ 3.)

In his motion for summary judgment[1], Crosdale identifies seven incidents in which he alleges that correctional officers used excessive force on him while he was incarcerated at HCDOC.  He has provided some of the incident reports of these seven incidents, which allegedly occurred on March 26, March 27, March 31, April 1, May 26, June 6, and August 31, 2006.[2]

O'Mara, who is the Superintendant of the HCDOC and the

---

[1] Defendants assert that Crosdale's "Motion for Summary Judgment in full" (Doc. No. 18), does not meet any of the technical requirements of Rule 56 of the Federal Rules of Civil Procedure or of this Court's Local Rules 7.1(a) and 7.2(b). Further, defendants assert that Crosdale's submission is merely an affidavit pinpointing incidents and is not a pleading in which he moves for summary judgment.  However, because I grant defendants' motion for summary judgment on other grounds, I need not address these issues.

[2] Crosdale's affidavit notes the last incident as occurring on "8-21", however the incident report he has submitted as an exhibit indicates that this incident occurred on August 31, 2006.

custodian of all institutional records, including inmate files, has asserted in a sworn affidavit that he has reviewed Crosdale's inmate institutional file and the administrative file, and that Crosdale did not file any grievances.  (Aff. of James M. O'Mara, Jr., Doc. No. 23, at ¶ 4.)   Crosdale has been given his entire HCDOC inmate file.  (Aff. of Jennifer Poisson, Def.'s Exhibit A, Doc. No. 21-2.)  Review of Crosdale's inmate file shows numerous documents that he completed in writing while at the HCDOC, including medical request forms and inmate request forms for new shoes, a bible and other literature, a property exchange, to have recreation time restored with a former cellmate, and to be taken off the "keep separate" list of another inmate.  (Aff. of Jennifer Poisson, Def.'s Exhibit A, Doc. No. 27-2.)

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The evidence submitted in support of the motion for summary judgment must be considered in the light most

favorable to the nonmoving party, indulging all reasonable inferences in its favor. See Torres-Negron v. Merck & Co., 488 F.3d 34, 39 (1st Cir. 2007).

A party seeking summary judgment must first identify the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323. The opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). On cross motions for summary judgment, the standard of review is applied to each motion separately. See Am. Home Assur. Co. v. AGM Marine Contractors, Inc., 467 F.3d 810, 812 (1st Cir. 2006).

### III.  **ANALYSIS**

Defendants argue, *inter alia*, that Crosdale failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  That statute pertinently provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Moreover, the PLRA requires "proper exhaustion," which is defined as "compliance with an agency's deadlines and other critical procedural rules."  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, . . . whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S. 199, 216 (2007).  The plaintiff need not plead exhaustion in the complaint; rather, failure-to-exhaust must be asserted by and proven by the defendant.  Id.  A defendant who shows lack of exhaustion is entitled to dismissal of the unexhausted claims in the plaintiff's complaint.  See Medina-Claudio v. Rodriguez-

Mateo, 292 F.3d 31, 36 (1st Cir. 2002).  Defendants who are invoking the affirmative defense may be required to show that there were available (albeit unexhausted) remedies.  Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002).

The defendants have established that administrative remedies do exist at the HCDOC and that there is no record that Crosdale attempted to exhaust these administrative remedies.  Further, Crosdale does not dispute that the administrative remedies available to him at the HCDOC were not exhausted before he filed suit.  Instead, he merely asserts in his objection to the defendants' cross motion for summary judgment that he was "going through a very difficult time in [his] life where [he] was deemed incompetent" and that he "knew nothing of a grievance procedure." (Pl.'s Obj. of Def.'s Cross Mot. for Summ. J., Doc. No. 24.)

However, the PLRA foes not permit liberalized pleading standards merely because a plaintiff is proceeding pro se.  See Woodford, 548 U.S. at 103 (noting that an argument that "requiring proper exhaustion is harsh for prisoners, who generally are untrained in the law and often poorly educated . . . overlooks the informality and relative simplicity of prison grievance systems"); see also Ellison v. New Hampshire Dep't of

-7-

Corr., 2009 WL 424535, at *5 (D.N.H. Feb. 19, 2009)("Since the vast majority of claims subject to the PLRA exhaustion requirement are brought by pro se plaintiffs, excusing them from the requirements would be tantamount to eliminating it altogether.").  Further, the grievance procedures at the HCDOC are straightforward and simple.  While Crosdale suggests that his incompetence may have prevented him from following the HCDOC grievance procedure, he has failed to produce any evidence to support his claim.  Moreover, while Crosdale asserts that he knew nothing of a grievance procedure, such lack of knowledge is not an excuse where the evidence indicates that the grievance procedure was knowable to Crosdale through the HCDOC Inmate Handbook.  Cf. Goebert v. Lee County, 510 F.3d 1312, 1323 (11th Cir. 2007)(determining that failure to exhaust an administrative remedy was excused because the prison grievance procedure was not in the Inmate Handbook or laid out in documents that inmates were ever permitted to see, and an administrative remedy that is "unknown and unknowable is unavailable" for purposes of the PLRA).

  The evidence indicates that Crosdale had sufficient competence and knowledge of the prison's administrative

procedures to draft many inmate request forms requesting medication, new shoes, and other property, access to other inmates and reading material.  Inmates are informed about Inmate Request Forms in the same way they are informed of the grievance procedure - in the Inmate Handbook.  Crosdale had a copy of the Inmate Handbook.  Thus, the evidence simply does not support a claim that the grievance procedures were unknowable to Crosdale.

## IV.  CONCLUSION

Because Crosdale did not exhaust the administrative remedies available to him before filing his complaint, defendants' motion for summary judgment (Doc. No. 19) is granted.[3]  The clerk shall enter judgment accordingly and close the case.  Plaintiff's motion for summary judgment (Doc. No. 18) is denied as moot.

SO ORDERED.

                                                      /s/Paul Barbadoro  
                                                      Paul Barbadoro  
                                                      United States District Judge

May 11, 2009

cc:  Raymond Crosdale, pro se

---

[3] It is not necessary to address the other grounds for summary judgment raised in the defendants' motion given this disposition.

John A. Curran, Esq.
Elizabeth L. Hurley, Esq.